# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| DANEEN MITCHELL,<br>Individually and on behalf of all others similarly situated,<br><br>    **Plaintiff,**<br><br>  v.<br><br>VILLAS OF HOLLY BROOK SENIOR LIVING, LLC,<br><br>    **Defendant.** | Case No. **2:22-cv-2269**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION**<br>**PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Daneen Mitchell brings this action individually and on behalf of all current and former hourly employees, who were subject to an automatic meal break pay deduction (collectively "Plaintiff and the Putative Collective/Class Members"), and who worked for Defendant—Villas of Holly Brook Senior Living, LLC ("Holly Brook" or "Defendant")—anywhere in the United States, at any time during the relevant time period(s) through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid overtime, unpaid straight time, and liquidated damages pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1—105/15, and the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS 115/1—115/15 (collectively, the "Illinois Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her Illinois state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA and a class action pursuant to the state laws of Illinois, and FED. R. CIV. P. 23, to recover unpaid straight time wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Holly Brook at any time during the relevant time periods, through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period, Holly Brook knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, Holly Brook's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' daily time even though they regularly performed

compensable work (and continue to perform) "off the clock" through their respective meal-period breaks.

7. The effect of Holly Brook's practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Holly Brook has failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA.

8. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Illinois state law.

9. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time compensation and other damages owed under the Illinois Acts as a class action pursuant to FED. R. CIV. P. 23.

10. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 class be certified as defined herein, with Plaintiff Mitchell designated as the Class Representative of the Illinois Class.

## II.
## THE PARTIES

12. Plaintiff Daneen Mitchell ("Mitchell") was employed by Holly Brook in Illinois during the relevant time period. Plaintiff Mitchell did not receive compensation for all hours worked or the

correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. The FLSA Collective Members are those current and former hourly patient-facing care providers who were employed by Holly Brook at any time from December 8, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Mitchell worked and was paid.

14. The Illinois Class Members are those current and former hourly patient-facing care providers who were employed by Holly Brook in Illinois, at any time from December 8, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Mitchell worked and was paid.

15. Defendant Villas of Holly Brook Senior Living, LLC is a domestic limited liability company, licensed to and doing business in the State of Illinois, and may be served through its registered agent for service of process: **Reginald Phillips, 2402 18th St. Charleston, Illinois 61920.**

## III.
## JURISDICTION & VENUE

16. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17. This Court has supplemental jurisdiction over the additional Illinois state law claims pursuant to 28 U.S.C. § 1367.

18. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

19. This Court has general jurisdiction over Holly Brook because Illinois qualifies as its home state.

---

[1] The written consent of Daneen Mitchell is attached hereto as Exhibit "A."

20.     Venue is proper pursuant to 28 U.S.C. § 1391 in the Central District of Illinois because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21.     Additionally, Holly Brook's corporate headquarters are in Coles County, Illinois, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

22.     Defendant Holly Brook operates more than thirty assisted living facilities across Illinois, Florida, and Indiana.[2]

23.     To provide its services, Holly Brook employed (and continues to employ) numerous hourly workers—including Plaintiff and the individuals that make up the putative or potential classes.

24.     Plaintiff and the Putative Collective/Class Members were employed by Holly Brook as non-exempt, hourly employees who had a meal break automatically deducted from their daily time.

25.     Plaintiff and the Putative Collective/Class Members job titles include (but are not limited to): Certified Medical Assistant, Registered Nurse, Certified Nurse Assistant, and Licensed Practical Nurse.

26.     Holly Brook agreed, by contract, to pay each Plaintiff and Putative Collective/Class Member by the hour for every hour they worked on Holly Brook's behalf.

27.     Plaintiff and the Putative Collective/Class Members' job duties primarily include assisting residents with their daily activities such as changing clothes, eating, bathing, and walking.

28.     While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout Holly Brook's facilities.

---

[2] https://www.villasofhollybrook.com/find-your-community/.

29. Importantly, none of the FLSA exemptions relieving a covered employer (such as Holly Brook) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

30. Plaintiff Mitchell was employed by Holly Brook in Washington, Illinois since from approximately October of 2019 until October of 2022.

31. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies (and practices) of Holly Brook resulting in the complained of FLSA and Illinois state law violations.

32. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, in that they all assist residents on behalf of Holly Brook.

33. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis, and have at least a 30-minute meal break deducted automatically.

34. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Holly Brook resulting in the complained of FLSA and Illinois state law violations.

35. Plaintiff and the Putative Collective/Class Members were typically scheduled to work between thirty-six (36) to forty (48) hours per week—these are referred to as "on-the-clock" hours.

36. In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective/Class Members worked between one- and one-half to two- and one-half hours "off-the-clock" per week and have not been compensated for that time.

37. Holly Brook has a policy to automatically deduct one 30-minute meal period from Plaintiff and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such "breaks."

38. Specifically, non-exempt employees, such as Plaintiff and the Putative Collective/Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked each shift worked.

39. Despite automatically deducting thirty (30) minutes of time from Plaintiff and the Putative Collective/Class Members' daily time, Holly Brook does not completely relieve Plaintiff and the Putative Collective/Class Members from duty during their shift for the purposes of taking their meal break(s).

40. Holly Brook's policies require Plaintiff and the Putative Collective/Class Members to assist patients whenever a patient requests or needs assistance, even if on an unpaid meal break.

41. Plaintiff and the Putative Collective/Class Members are prohibited from ignoring patients in need of help pursuant to Holly Brook's policies.

42. Plaintiff and the Putative Collective/Class Members are required to perform duties, whether active or inactive, during all hours of their shift.

43. Due to these requirements, Plaintiff and the Putative Collective/Class Members are frequently unable to receive sufficient time to have an uninterrupted meal break due to their constant patient calls and duties.

44. Holly Brook was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and Illinois state law.

45. Holly Brook's systematic deduction of 30 minutes each day from Plaintiff and the Putative Collective/Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Illinois state law.

46. Specifically, when Plaintiff and Putative Collective/Class Members worked three (3) twelve-hour shifts in a week and did not receive a meal break during any shift, Holly Brook's deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for one and one-half hours of compensable straight time work.

47. When Plaintiff and the Putative Collective/Class Members worked four (4) twelve-hour shifts in a week and did not receive a meal break during any shift, Holly Brook's deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for two hours of compensable overtime work.

48. As a result of Holly Brook's failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and Illinois state law.

49. Holly Brook knew or should have known that it was (and is) not compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

50. Holly Brook knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

51. Holly Brook knew or should have known that automatically deducting thirty minutes to one hour for a meal break, while it simultaneously caused and required Plaintiff and the Putative Collective/Class Members to perform necessary during that meal break while "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

52. Because Holly Brook did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Holly Brook's pay policies and practices willfully violated (and continue to violate) the FLSA.

53. Because Holly Brook did not pay Plaintiff and the Putative Collective/Class Members for all straight time hours worked, Holly Brook's pay policies and practices violate Illinois state law.

54. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to Illinois state law.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

55. Paragraphs 1–54 are incorporated as though fully set forth herein.

56. The "FLSA Collective" is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR VILLAS OF HOLLY BROOK SENIOR LIVING, LLC, AT ANY TIME FROM DECEMBER 8, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("FLSA Collective" or "FLSA Collective Members").**

57. At all material times, Holly Brook has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

58. At all material times, Holly Brook has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

59. At all material times, Holly Brook has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and

commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

60. Specifically, Holly Brook operates numerous health care facilities throughout the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

61. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Holly Brook, these individuals provided services for Holly Brook that involved interstate commerce for purposes of the FLSA.

62. In performing work for Holly Brook, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

63. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted Holly Brook's customers and employees throughout the United States. 29 U.S.C. § 203(j).

64. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

65. The proposed class of similarly situated employees—that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 56.

66. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Holly Brook.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

67. Holly Brook violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

68. Moreover, Holly Brook knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

69. Holly Brook knew or should have known their pay practices were in violation of the FLSA.

70. Holly Brook is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

71. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Holly Brook to pay them according to the law.

72. The decision and practice by Holly Brook to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

73. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA

in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C.     COLLECTIVE ACTION ALLEGATIONS

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Holly Brook's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

76. Other similarly situated employees of Holly Brook have been victimized by Holly Brook's patterns, practices, and policies, which are in willful violation of the FLSA.

77. The FLSA Collective Members are defined in Paragraph 56.

78. Holly Brook's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Holly Brook's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

79. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

80. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

81. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

82. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

83. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Holly Brook will retain the proceeds of their violations.

84. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

85. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 56.

**COUNT TWO**
**(Class Action Alleging Violations of the Illinois Acts)**

A.   **ILLINOIS ACTS COVERAGE**

86. Paragraphs 1–85 are incorporated as though fully set forth herein.

87. The "Illinois Class" is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR VILLAS OF HOLLY BROOK SENIOR LIVING, LLC, IN ILLINOIS, AT ANY TIME FROM DECEMBER 8, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("Illinois Class" or "Illinois Class Members").**

88. At all material times, Holly Brook was and has been an "employer" within the meaning of the Illinois Acts. *See* 820 ILCS § 115/2; *see also* 820 ILCS § 105/3(c).

89. At all material times, Plaintiff Mitchell and the Illinois Class Members have been "employees" within the meaning of the Illinois Acts. *See* 820 ILCS § 115/2; *see also* 820 ILCS § 105/3(d).

90. Plaintiff Mitchell and the Illinois Class Members were or have been employed by Holly Brook since December 8, 2019, and have been covered employees entitled to the protections of the Illinois Acts and were not exempt from the protections of the Illinois Acts.

91. The employer, Holly Brook, is not exempt from paying wage and overtime benefits under the Illinois Acts.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE ILLINOIS ACTS**

92.     All previous paragraphs are incorporated as though fully set forth herein.

93.     The Illinois Acts require employers like Holly Brook to pay all agreed upon wages for all hours worked. 820 ILCS § 115/3.

94.     The Illinois Acts also require employers like Holly Brook to pay non-exempt employees no less than time-and-one-half their regular rates of pay for each hour worked in excess of forty (40) hours in a workweek. 820 ILCS § 105/4a.

95.     The Plaintiff Mitchell and Illinois Class Members are **_non-exempt_** employees who Holly Brook agreed to pay for each hour worked. *See id.*

96.     Holly Brook has a company-wide policy and practice of failing to pay Plaintiff Mitchell and Illinois Class Members for each straight time and overtime hour worked.

97.     Holly Brook has a continuing policy and practice of failing to pay the contractually agreed upon hourly rates of pay for each straight time hour worked.

98.     Holly Brook has a continuing policy and practice of failing to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek.

99.     The straight time and overtime that Holly Brook failed to pay Plaintiff and the Putative Class Members constitute recoverable "wages" under the Illinois Acts because Holly Brook owes such compensation pursuant to an employment contract or agreement between the parties.

100.    As a result of Holly Brook's illegal and company-wide policies applicable to Plaintiff Mitchell and Illinois Class Members' wages, and its failure to pay the contractually agreed upon wages and overtime wages to the Illinois Class Members, Holly Brook violated the Illinois Acts.

101.    Holly Brook's failure to pay for all hours worked, and failure to pay overtime wages for all hours worked in excess of forty (40) in a workweek to the Illinois Class Members who performed work on behalf of Holly Brook in Illinois is part of a continuing course of conduct.

102.    Plaintiff Mitchell and Illinois Class Members who performed work on behalf of Holly Brook in Illinois are entitled to invoke the benefits of the Illinois Acts, including but not limited to 820 ILCS § 105/12(a); and 820 ILCS § 115/14.

103.    As a result, this action, "may encompass all violations that occurred as part of Holly Brook's continuing course of conduct regardless of the date on which they occurred."

104.    Plaintiff Mitchell and Illinois Class Members have suffered damages and continue to suffer damages as a result of Holly Brook's acts or omissions described herein; though Holly Brook is in possession and control of necessary documents and information from which the Illinois Class Members would be able to precisely calculated damages.

105.    Plaintiff Mitchell and Illinois Class Members seek the amount of their underpayments based on Holly Brook's failure to pay wages for all hours worked, failure to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek, treble the amount of unpaid overtime as liquidated damages, 5% of the amount of unpaid overtime and straight time for each month following the date the payments were due, and such other legal and equitable relief from Holly Brook's willful conduct as the Court deems just and proper.

106.    Accordingly, the Illinois Acts Class should be certified as defined in Paragraph 87.

**C.    ILLINOIS CLASS ALLEGATIONS**

107.    Plaintiff Mitchell brings her Illinois claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Holly Brook to work in Illinois since December 8, 2019.

108.    Class action treatment of Plaintiff Mitchell and the Illinois Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

109.    The number of Illinois Class Members is so numerous that joinder of all class members is impracticable.

110. Plaintiff Mitchell's Illinois state-law claim shares common questions of law and fact with the claims of the Illinois Class Members.

111. Plaintiff Mitchell is a member of the Illinois Class, her claims are typical of the claims of other Illinois Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Illinois Class Members.

112. Plaintiff Mitchell and her counsel will fairly and adequately represent the Illinois Class Members and their interests.

113. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

114. Accordingly, the Illinois Class should be certified as defined in Paragraph 87.

## VI.
## RELIEF SOUGHT

115. Plaintiff Mitchell respectfully prays for judgment against Holly Brook as follows:

    a. For an Order certifying the FLSA Collective as defined in ¶ 56;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to § 16(b) of the FLSA finding Holly Brook's liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order certifying the Illinois Class as defined in ¶ 87, and designating Plaintiff Mitchell as Representative of the Illinois Class;

   e. For an Order pursuant to the Illinois state law awarding Plaintiff Mitchell and the Illinois Class Members damages for unpaid wages, liquidated damages, and all other damages allowed by law;

   f. For an Order awarding the costs of this action;

   g. For an Order awarding attorneys' fees;

   h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   i. For an Order awarding Plaintiff Mitchell a service award as permitted by law;

   j. For an Order compelling the accounting of the books and records of Holly Brook, at Holly Brook's expense, should discovery prove inadequate; and

   k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: December 13, 2022   Respectfully submitted,

           */s/ Ryan F. Stephan*
           Ryan F. Stephan
           James B. Zouras
           Anna M. Ceragioli
           **STEPHAN ZOURAS, LLP**
           100 N. Riverside Plaza, Suite 2150
           Chicago, Illinois 60606
           312.233.1550
           312.233.1560 *f*
           rstephan@stephanzouras.com
           jzouras@stephanzouras.com
           aceragioli@stephanzouras.cm
           Firm ID: 43734

           **Clif Alexander** *(Pro Hac Vice Anticipated)*
           Texas Bar No. 24064805
           clif@a2xlaw.com
           **Austin Anderson** *(Pro Hac Vice Anticipated)*
           Texas Bar No. 24045189
           austin@a2xlaw.com
           **ANDERSON ALEXANDER, PLLC**

819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and Putative Class Members***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 13, 2022, he electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

*/s/ Ryan F. Stephan*
