UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DANEEN MITCHELL, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 22-CV-2269 |
| v. | ) ) ) |
| VILLAS OF HOLLY BROOK SENIOR LIVING, LLC, | ) ) ) ) |
| Defendant. | ) |

ORDER

After a review of Plaintiff's Unopposed Motion for Approval of Settlement (#178), the Settlement Agreement (#178-1), and the Declaration of Collective Counsel (#178-2), the Court is satisfied that the settlement reached is a "fair and reasonable resolution of a bona fide dispute" under the Fair Labor Standards Act and is in the best interest of Plaintiff Mitchell and the Opt-In Plaintiffs. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); 29 U.S.C. § 216.

It is therefore Ordered and Adjudged as Follows:

1. There is a bona fide dispute between the Parties as to Defendant's liability under the FLSA and that the Settlement Agreement is fair, reasonable, and is in the best interest of the Collective Representative and the Opt-In Plaintiffs;

2. The Settlement Agreement provides adequate relief to the Collective Representative and Opt-In Plaintiffs, considering the costs, risks, and delay associated with trial and appeal, as well as the effectiveness of the proposed distribution of Settlement Payments to the Opt-In Plaintiffs;

3. The Settlement Agreement is fair, reasonable, and adequate, and was entered into in good faith and without collusion;

4. The Court approves the Release provided in the Settlement Agreement, and, as of the Effective Date, the Released Claims will be released as to the Released Parties;

5. The Collective Representative and the Opt-In Plaintiffs shall be permanently barred and enjoined from commencing, prosecuting or otherwise maintaining in any court or forum an action against the Released Parties for any and all Released Claims that were brought or could have been brought in the Lawsuit;

6. The Proposed Settlement is APPROVED, including, but not limited to, the Release of claims, Service Awards, attorneys' fees and costs to Plaintiffs' Counsel, and Notice Process;

7. For purposes of settlement a FLSA collective action is further certified for settlement purposes, consisting of each individual who filed a written consent form in this action; and

8. The Court finds it has personal jurisdiction over Plaintiff Mitchell and Opt-In Plaintiffs, the Court has subject matter jurisdiction over the claims asserted in the Lawsuit, and venue before the Central District of Illinois, Urbana Division, is proper

and this Order Approving the Settlement is binding on the Collective Representative and the Opt-In Plaintiffs, as defined in the Settlement Agreement.

It is further ordered that:

- This Order Approving the Settlement is "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure;

- All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Parties' Settlement Agreement;

- ILYM Group, Inc. will serve as "Settlement Administrator" in providing notice, claim process and administration services under the Settlement Agreement; and

- Plaintiffs' Counsel (Clif Alexander and Austin W. Anderson of Anderson Alexander, PLLC) are approved as Collective Counsel for the Settlement Collective.

It is further ordered that the form and content of the Notice of Proposed Settlement attached to the Motion to Approve Settlement are adequate, proper, comport with Due Process, and are hereby approved and authorized for distribution to Collective Members;

It is further ordered that Counsel for the Parties are hereby authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, moderate extensions of time that do not alter effective dates, and minor changes to other exhibits that they jointly agree are reasonable or necessary.

It is further ordered that this case is DISMISSED on the merits, as against Defendant, with Prejudice and without attorney fees or costs, except as provided in the Settlement Agreement. This case is terminated.

ENTERED this 28th day of July, 2025.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE